Sterling J. Stires, Esq.; SBN 199218
Holmes Weddle & Barcott, P.C.
501 West Broadway, Suite 2060
San Diego, California 92101
Telephone (619) 358-9987; Fax (619) 487-9551

Attorneys for Plaintiff American Marine Corporation
dba American Hyperbaric Center

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN MARINE CORPORATION dba AMERICAN HYPERBARIC CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE SHIELD OF CALIFORNIA,<br><br>Defendant. | Case No. C 11-00636 WHA<br><br>SECOND AMENDED COMPLAINT<br><br>Magistrate: Hon. William H. Alsup<br>Courtroom.: 9<br>Filed: 02/11/11<br>Trial: Not set |

COMES NOW Plaintiff American Marine Corporation dba American Hyperbaric Center ("AMC") by and through its counsel of record, Holmes Weddle & Barcott, P.C., and hereby asserts as follows:

**ALLEGATIONS**

1. AMC is now and at all relevant times has been a corporation duly conducting business under the laws of the State of Alaska within the Third Judicial District; has paid its taxes due the State and filed its required reports; and is fully qualified to commence and maintain this action.

2. Upon information and belief, Blue Shield of California ("Blue Shield") is an insurance company authorized to conduct business.

3. Venue is proper within the Third Judicial District, as the District within which AMC's claim against Blue Shield arose.

4. AMC operates hyperbaric oxygen therapy ("HBOT") treatment facilities in Alaska and Hawaii.

5. On August 6, 2008, patient Mark D. Rogers ("Rogers") was prescribed sixty HBOT treatments for soft tissue radionecrosis by Dr. Stephen A. Bangle.

6. Rogers is a diabetic and had non-healing wounds in his rectal area.

7. On August 2, 2008, Rogers presented to AMC for HBOT treatments at AMC's facility in Wailuki, Hawaii.

8. At all pertinent times, Rogers was insured by Blue Shield.

9. On August 7, 2008, AMC contacted Blue Shield concerning the HBOT treatments and services prescribed for Rogers.

10. AMD notified Blue Shield that the prescribed sixty treatments were HBOT treatments and that Rogers had been diagnosed with soft tissue radionecrosis.

11. Blue Shield informed AMC that Rogers had met his deductible of $500.00, had met his out-of–pocket requirements of $1,000.00, that no preauthorization for the HBOT was required, that there was no exclusion for HBOT, and that Blue Shield would pay 100% of the allowable amount. The allowable amount referred to by Blue Shield is based upon a written facility agreement between AMC and Alaska BCBS. There is no written facility agreement between AMC and Blue Shield.

12. Blue Shield authorized AMC to begin and continue the HBOT treatments to Blue Shield's insured, Rogers.

13. AMC began HBOT treatments to Rogers on August 8, 2008.

14. On September 12, 2008, at a follow-up appointment with Dr. Bangle, the doctor recommended that Rogers be discharged after forty HBOT treatments.

15. AMC provided forty HBOT treatments to Rogers beginning August 8, 2008 through September 17, 2008.

16. AMC billed Blue Shield for the HBOT treatments.

17. Upon information and belief, Blue Shield is a member and/or participant in BlueCard.

18. Upon information and belief, Blue Cross Blue Shield of Alaska ("Alaska BCBS") is also a member and/or participant of BlueCard.

19. Through BlueCard, Alaska BCBS tendered payments by Blue Shield to AMC's office in Alaska for the HBOT treatments provided to Rogers.

20. On October 24, 2008, AMC received partial payment from Blue Shield, through Alaska BCBS, for portions of the HBOT treatments.

21. On November 24, 2008, Blue Shield (through Alaska BCBS) sent explanation of benefits denying payment for some of the HBOT treatments provided by AMC to Blue Shield's insured, Rogers.

22. On February 27, 2009, Blue Shield, through Alaska BCBS, hired a company by the name of Calypso to seek a refund of the payments made to AMC for Rogers' HBOT treatments in the amount of $8,730.00.

23. Alaska BCBS, for the benefit of Blue Shield, took an offset of funds owed by Alaska BCBS to AMC for the $8,730.00 refund payment that Blue Shield was seeking from AMC.

24. Upon information and belief, Alaska BCBS returned the off-setted funds of $8,730.00 to Blue Shield.

25. The costs of the forty HBOT treatments AMC provided to Rogers was $109,375.26.

26. Rogers paid $450.09 toward this outstanding amount.

27. The amount currently owed for the HBOT treatments AMC provided to Blue Shield's insured, Rogers, is $108,925.17.

28. Blue Shield has refused to pay the $108,925.17 to AMC.

## COUNT I

### Breach of Contract, Debt

29. AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 28 above.

30. An oral contract for payment of the HBOT treatments to be administered to Rogers was formed between AMD and Blue Shield.

31. AMC provided the HBOT treatments to Rogers based upon the representations mad by Blue shield, including that Blue Shield would pay 100% of the allowable amount.

32. AMC performed its obligations under the contract by providing the HBOT treatments to

Blue Shield's insured, Rogers.

33. Blue Shield breached the contract by refusing to pay.

34. Blue Shield breached the contract by taking back funds already paid to AMC for the HBOT treatments to Rogers.

35. Blue Shield is liable to AMC for an amount of at least $108,925.17, with the exact amount to be proved at the time of trial.

## COUNT II

### Breach of Covenant of Good Faith and Fair Dealing

36. AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 35 above.

37. The oral contract between Blue Shield and AMC includes the implied covenant of good faith and fair dealing.

38. Blue Shield has deprived AMC of the benefit of the oral contact by refusing to pay for the medical treatments and services provided based upon grounds that were not within the terms of the oral contract.

39. Blue Shield's refusal to pay, its asserted basis for refusing to pay, and its recovery of amounts paid are acts that a reasonable person would not regard as fair under the oral contract.

40. Blue Shield has breached the implied covenant of good faith and fair dealing in the contract between Blue Shield and AMC.

41. Blue Shield's breach of the implied covenant of good faith and fair dealing has caused damages to AMC.

42. Based upon Blue Shield's breach of the implied covenant of good faith and fair dealing, Blue Shield is liable to AMC in the sum of at least $108,925.17, with the exact amount to be proven at the time of trial.

## COUNT III

### Misrepresentation

43. AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above.

SECOND AMENDED COMPLAINT                                              C 11-00636 WHA

44. AMC contacted Blue Shield concerning the HBOT treatments prescribed for Rogers.

45. Blue Shield stated that Blue Shield would pay 100% of the allowable amount for the HBOT treatments prescribed and administered by AMC to Rogers.

46. The statement by Blue Shield was untrue and misleading.

47. The statement by Blue Shield was mad with the intent to induce AMC to rely upon the statement.

48. AMC provided the HBOT treatments to Rogers relying upon the truth of the statement by Blue Shield.

49. As a direct result of AMC's reliance upon the statement by Blue Shield, AMC has been damages relative to the unpaid costs of the HBOT treatments administered by AMC to Rogers.

50. Based upon Blue Shield's misrepresentation, Blue Shield is liable to AMC in the sum of at least $108,925.17, with the exact amount to be proven at the time of trial.

## COUNT IV

### Independent Obligation To Pay For Medical Treatments

51. AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50 above.

52. Blue Shield misrepresented its coverage of Rogers for the HBOT treatments.

53. The misrepresentation of coverage was made to AMC.

54. AMC relied upon the statements made by Blue Shield, and provided forty HBOT treatments to Rogers.

55. Blue Shield's misrepresentation of coverage gives rise to an independent obligation of Blue Shield to pay for the HBOT treatments AMC provided to Rogers.

56. Blue Shield is liable to AMC in the sum of at least $108,925.17, with the exact amount to be proved at the time of trial.

## COUNT V

### Unfair Business Practice

57. AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 56 above.

58. By reason of Blue Shield's deceptive, unfair and other wrongful conduct herein alleged, Blue Shield has violated California Business and Professions Code Section 17000 et seq. by consummating an unlawful, deceptive and unfair business practice, designed to deprive AMC of the amounts owed to AMC as alleged herein.

59. Blue Shield's deceptive, unfair and other wrongful conduct herein alleged caused AMC to suffer damages in the sum of at least $108,925.17, with the exact amount to be proved at the time of trial.

60. For conduct herein described AMC is entitled to punitive damages because Blue Shield has been guilty of oppression, fraud, or malice as defined in the California Civil Code section 3294, and that such conduct harmed AMC.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff American Marine Corporation d/b/a American Hyperbaric Center demands that Defendant be held liable for judgment as follows:

A. For damages of at least $108,925.17, with the exact amount to be proved at the time of trial.

B. For punitive damages to the extent provided for in the California Business and Professions Code Section 17000 et seq. and according to proof.

C. For an award of plaintiff's costs, pre-judgment and post-judgment interest, and attorneys' fees; and

D. Fur such other relief the Court may deem just and equitable.

DATED: March 7, 2011

HOLMES WEDDLE & BARCOTT, P.C.

By: /s/ Sterling J. Stires
Sterling J. Stires, Attorneys for Plaintiff
American Marine Corporation dba American
Hyperbaric Center

# DECLARATION OF SERVICE

American Marine Corporation dba American Hyperbaric Center v. Blue Shield of California
United States District Court, Northern District of California  Case No. C 11-00636 WHA

Persons served:

**PLEASE SEE ATTACHED SERVICE LIST**

Date Served: March 9, 2011

I, the undersigned, declare under penalty of perjury that I am over the age of 18 years and not a party to this action; that I served the above-named persons with the following documents: **Second Amended Complaint**, in the following manner:

[✓]  I attached a true copy of the above-entitled document to the CM/ECF system. I caused the above-entitled document to be sent to the recipients, as currently maintained as of the date and time of this filing on the CM/ECF system, through electronic transmission. The file transmission was reported as complete and a copy of the notification of electronic filing receipt page will be maintained with the original document in our office.

[ ]  By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named above and depositing each in the U.S. mail at San Diego, California

[ ]  I caused each document to be transmitted via the facsimile number(s) listed on the attached service list. The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine pursuant to California Rules of Court, Rule 2008(e).

[ ]  By leaving, during usual office hours, copies in the office of the person(s) served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid), copies to the person(s) served at the place where the copies were left.

[ ]  By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his/her office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

Executed on March 9, 2011, at San Diego, California.

__**Stephanie Villa**__          _/s/ Stephanie Villa_
Type or Print Name                    Signature

SECOND AMENDED COMPLAINT                              C 11-00636 WHA

# SERVICE LIST
**American Marine Corp. dba American Hyperbaric Center v. Blue Shield of California**
United States District Court, Northern District of CA Case No. C 11-00636 WHA

Jeffrey J. Waller
Holmes Weddle & Barcott, P.C.
701 W. 8th Avenue, suite 700
Anchorage, AK 99501
Phone 907-274-0666; Fax 907-277-4657
jwaller@hwb-law.com
**Attorneys for American Marine Corporation**

Adam Pines, Esq.
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Phone 310-312-4322; Fax 310-914-5820
apines@manatt.com
**Attorneys for California Physicians' Service dba Blue Shield of California**

Anthony M. Sholty
Faulkner Banfield, P.C.
One Sealaska Plaza, Suite 202
Juneau, AK 99801
Phone 907-586-2210; Fax 907-586-8090
asholty@faulknerbanfield.com
**Attorneys for Blue Shield of California**