**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN MARINE CORPORATION, doing business as American Hyperbaric Center,<br><br>  Plaintiff,<br><br>  v.<br><br>BLUE SHIELD OF CALIFORNIA,<br><br>  Defendant. | No. C 11-00636 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF, GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING DEFENDANT'S MOTION TO STRIKE AS MOOT, AND VACATING HEARINGS** |

**INTRODUCTION**

In this action seeking reimbursement for medical treatment costs, plaintiff sues for breach of contract and other related claims. Plaintiff filed suit in Alaska, but the matter was transferred here. Now plaintiff moves for miscellaneous relief, and defendant moves to dismiss and to strike. For the reasons that follow, plaintiff's motion is **DENIED**, defendant's motion to dismiss is **GRANTED**, and defendant's motion to strike is **DENIED AS MOOT**.

**STATEMENT**

Plaintiff American Marine Corporation doing business as American Hyperbaric Center filed suit in state court in Alaska on August 23, 2010. After removal, several motions were filed, but the action was transferred to our district before any of the other motions were resolved (Dkt. No. 24). This action arrived in our district in February 2011.

Plaintiff filed a second amended complaint on March 9. The complaint alleges that American operates hyperbaric oxygen therapy treatment facilities in Alaska and Hawaii. In 2008

a patient named Mark Rogers, who is not a party herein, came to American for treatment. Rogers was allegedly insured by defendant Blue Shield of California. American contacted Blue Shield about Rogers' treatment, and Blue Shield allegedly "informed [American] . . . that Blue Shield would pay 100% of the allowable amount[, which is] based upon a written facility agreement between [American] and Alaska BCBS" (Compl. ¶ 11). The complaint further acknowledges that "[t]here is no written facility agreement between [American] and Blue Shield" (*ibid.*). Blue Shield allegedly authorized American to begin treatment of Rogers, and after American provided treatment to Rogers, it billed Blue Shield.

The complaint connects Blue Shield to Alaska BCBS, defined as Blue Cross Blue Shield of Alaska, in the following manner. It alleges that both Blue Shield and Alaska BCBS are "member[s] and/or participant[s]" in "BlueCard" — a program that is not defined in the complaint (Compl. ¶¶ 17–18). It then states that "[t]hrough BlueCard, Alaska BCBS tendered payments by Blue Shield to [American]" for Rogers' treatment. The complaint goes on to allege that actions taken by Alaska BCBS were taken for the benefit of Blue Shield. The complaint alleges that in this manner American received partial payment, but that Blue Shield then sought a refund of such payment, and that Blue Shield thereafter took an offset of funds in the same amount. The complaint states that Blue Shield currently owes American $108,925.17 for the treatments provided to Rogers.

The complaint asserts claims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) misrepresentation, (4) independent obligation to pay for medical treatments, and (5) unfair business practice under California Business and Professions Code Section 17000 [sic] *et seq.*

Plaintiff now moves "for miscellaneous relief re: no grounds for removal under ERISA and no ERISA preemption." Defendant moves to dismiss and to strike the complaint.

**ANALYSIS**

**A.    PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**

Again, plaintiff moves for "miscellaneous relief re: no grounds for removal under ERISA and no ERISA preemption." Plaintiff argues that its asserted claims are not preempted by

2

ERISA. The motion, however, does not make clear what relief is being requested. Nor is the answer self-evident.

The notice of removal in this case states that removal is based on both federal diversity jurisdiction and ERISA preemption. Specifically, it states that the amount in controversy exceeds the jurisdiction minimum, as at least $108,925.17 is clearly sought by the complaint, and that the parties are diverse. Plaintiff is a corporate citizen of Alaska and defendant is a corporate citizen of California. As to preemption, the notice of removal states that "[American]'s action is to recover benefits, under the terms of an ERISA plan, allegedly owed to it by Blue Shield and is therefore completely preempted" (Dkt. No. 1).

Plaintiff acknowledges that subject-matter jurisdiction exists, regardless of preemption, based on the diversity of the parties (Br. 16). Plaintiff's current motion for miscellaneous relief therefore does not seek remand, and it does not make clear what relief is being requested. The issue of preemption does not currently bear on any pending decision in this case. Therefore, it seems that plaintiff seeks an advisory opinion regarding the preemptive force of ERISA in this action. Issues appropriate for judicial determination do not include "an opinion advising what the law would be" concerning a hypothetical situation. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41 (1937). We cannot pretend that diversity jurisdiction does not exist in order to decide whether another ground for jurisdiction properly exists. Therefore, plaintiff's motion for miscellaneous relief is **DENIED**. This is without prejudice to plaintiff asserting any of its preemption arguments if they are relevant in the future, such as at the summary judgment stage.

**B. DEFENDANT'S MOTION TO DISMISS**

Defendant moves to dismiss the second through fifth claims for relief asserted in the second amended complaint. These include claims for breach of the covenant of good faith and fair dealing, misrepresentation, independent obligation to pay for medical treatments, and unfair business practice under California Business and Professions Code Section 17000 [sic] *et seq.* Defendant does not move to dismiss the first claim for breach of contract.

3

### 1. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

Federal Rule of Civil Procedure 9(b) requires that in all averments of fraud or misrepresentation the circumstances must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Rule 9(b) serves to give defendants notice of the specific fraudulent conduct against which they must defend. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

### 2. Breach of the Covenant of Good Faith and Fair Dealing

Defendant moves to dismiss plaintiff's claim for breach of the covenant of good faith and fair dealing as duplicative of its breach of contract claim. "[A]bsent those limited cases where a breach of a consensual contract term is not claimed or alleged, the only justification for asserting a separate cause of action for breach of the implied covenant is to obtain a tort recovery." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). Plaintiff does not seek a tort recovery. Thus, plaintiff's claim is subsumed under its breach of contract claim, and plaintiff shall pursue its covenant theory through its contract claim.

Plaintiff argues that Alaska law should apply to this question. Not so. This case was transferred to our district under 28 U.S.C. 1406 (Dkt. No. 24). As such, the transferee court must apply the choice of law rules of the state in which it sits rather than the state law of the transferor

4

district court. *See Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983). Under California law:

> [G]enerally speaking the forum will apply its own rule of decision unless a party litigant timely invokes the law of a foreign state. In such event [that party] must demonstrate that the latter rule of decision will further the interest of the foreign state and therefore that it is an appropriate one for the forum to apply to the case before it. Under the first step of the governmental interest approach, the foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California. The fact that two or more states are involved does not in itself indicate there is a conflict of laws problem. Indeed, if the relevant laws of each state are identical, there is no problem and the trial court may find California law applicable [].

*Wash. Mut. Bank, FA v. Super. Ct.*, 24 Cal. 4th 906, 919–20 (2001) (citations and quotation marks omitted).

Plaintiff states: "In Alaska, the breach of the covenant of good faith and fair dealing is a separate cause of action" (Opp. 4). Plaintiff cites in support *Mitford v. de Lasala*, 666 P.2d 1000, 1006 (Alaska 1983), and *Hawken Northwest, Inc. v. State, Department of Admin.*, 76 P.3d 371, 381 (Alaska 2003). These decisions are not on point, however, because they are on appeals from judgments on the merits and do not address whether under Alaska law it is proper to bring a breach of the implied covenant claim separately from a breach of contract claim. Moreover, plaintiff has not shown that Alaska law should apply because applying its rule of decision will further Alaskan interests. Under the California rule, plaintiffs are allowed to pursue their covenant theory, just in the context of their breach of contract claim. There is no interest affected.

In addition, it is unclear why Alaska law should apply to the second amended complaint when that complaint was filed in our district court in the Northern District of California, is devoid of any mention of Alaska law, and instead asserts one of its claims under the California Business and Professions Code. Plaintiff has not demonstrated why this order should divert from the default that the forum will apply its own rule of decision, namely California law.

Defendant's motion to dismiss plaintiff's claim for breach of the covenant of good faith and fair dealing is therefore **GRANTED**. The jury will be appropriately instructed on the covenant, should this case go to trial.

5

### 3. Misrepresentation

Defendant moves to dismiss plaintiff's claim for misrepresentation on the ground that the complaint does not meet the pleading standard of FRCP 9(b). That pleading standard was reviewed above. The complaint states that Blue Shield's statement that it would pay 100% of the allowable amount for Rogers' treatment was untrue and misleading (Compl. ¶¶ 45–46). It states nothing further concerning any misrepresentation by defendant. Plaintiff has not alleged who made the misrepresentation, who it was made to, exactly what was said, any factual allegations indicating scienter, or any other circumstances surrounding the alleged misrepresentation. As such, plaintiff has failed to meet the pleading requirements of FRCP 9(b).

In opposition to the instant motion, plaintiff submits an affidavit of Elizabeth Maranatha "Natha" Thompson (Dkt. No. 48-1). The affidavit states that in August 2008 Thompson spoke to "Lance" in Blue Shield's benefits department, and that "[d]uring the phone call, Blue Shield authorized [American] to begin and continue the [] treatments to Mr. Rogers." A district court cannot consider "new" facts, *i.e.* facts not alleged in the complaint, asserted in plaintiff's opposition papers. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). The *complaint* does not meet the pleading requirements of FRCP 9(b). Defendant's motion to dismiss plaintiff's claim for misrepresentation is therefore **GRANTED**.

### 4. Independent Obligation to Pay for Medical Treatments

The complaint asserts a claim for "independent obligation to pay for medical treatments." Defendant moves to dismiss this claim on the ground that it is duplicative of plaintiff's claim for breach of contract. This order agrees. The claim alleges "Blue Shield's misrepresentation of coverage gives rise to an independent obligation of Blue Shield to pay for [Rogers' treatment]" (Compl. ¶ 55). In opposition to the instant motion, plaintiff cites *Hoag Memorial Hospital v. Managed Care Administrators*, 820 F. Supp. 1232 (C.D. Cal. 1993). That decision held that the plaintiff's state-law claims were not preempted by ERISA and remanded the case to state court. It does not stand for the proposition that our plaintiff can state a separate claim for "independent obligation to pay for medical treatments." Plaintiff does not address the fact that this claim is

6

duplicative of its breach of contract claim.  Defendant's motion to dismiss plaintiff's claim for "independent obligation to pay for medical treatments" is therefore **GRANTED**.

### 5. Unfair Business Practice

Plaintiff asserts a fifth claim for unfair business practice under "California Business and Professions Code Section 17000 [sic] *et seq.*"  Section 17000 is not a substantive code section.  Plaintiff's opposition to the instant motion also points to Section 17020, which is also not a substantive code section.  This claim also has a more fundamental problem.  Under California law, "a systematic breach of certain types of contracts . . . can constitute an unfair business practice under the UCL."  *Arce v. Kaiser Found. Health Plan, Inc.*, 181 Cal. App. 4th 471, 490 (2010).  The complaint, however, very specifically describes *one* alleged breach of contract.  The complaint limits the alleged wrongdoing to the one dispute concerning payment for Rogers' treatment at American.  By definition this cannot amount to a systematic breach of contracts.  Therefore, plaintiff has not stated a UCL claim.  Plaintiff does not address the problem that its complaint tries to base a UCL claim on one alleged breach of contract.  Defendant's motion to dismiss plaintiff's claim for unfair business practice is therefore **GRANTED**.

\*             \*             \*

For the foregoing reasons, defendant's motion to dismiss the second through fifth claims for relief asserted in the second amended complaint is **GRANTED**.

### C. DEFENDANT'S MOTION TO STRIKE

Defendant also moves to strike the second amended complaint because plaintiff was not granted the required leave to file it.  Because the complaint is being dismissed for the reasons stated above, defendant's motion to strike is **DENIED AS MOOT**.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for miscellaneous relief is **DENIED**, defendant's motion to dismiss is **GRANTED**, and defendant's motion to strike is **DENIED AS MOOT**.  The hearings set for these motions on April 21 and April 28 are **VACATED**.

Plaintiff may seek leave to file a third amended complaint and shall have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track,

for leave to file an amended complaint.  A proposed amended complaint must be appended to the motion.  The motion should clearly explain how the amendments to the complaint cure the deficiencies identified in this order.

**IT IS SO ORDERED.**

Dated:  April 13, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8